

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: April 22, 2020
```

Matthew A. Steinberg

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103

D: 212 880 3826
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6480
matthew.steinberg@akerman.com

**MEMO ENDORSED**

April 22, 2020

**VIA ECF**
The Hon. Edgardo Ramos
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

The application is __X__ granted
 ____ denied

_____
Edgardo Ramos, U.S.D.J
Dated: April 22, 2020
New York, New York

Re:  **Joanna Pedroza v. Ralph Lauren Corp.**
     **Case Number: 19-cv-08639**

Dear Judge Ramos:

      We represent Defendant Ralph Lauren Corp. ("RLC") in the above-referenced matter. We write to respectfully request that the Court seal the document filed as Exhibit "I" to the Declaration of Joanna Pedroza filed on April 17, 2020 on the grounds that it reflects confidential and sensitive RLC business information. *See* Dkt. Entry No. 30(I); *see also* Section 21 of the SDNY Electronic Case Filing Rules & Instructions.[1]

      On February 11, 2020, RLC filed its motion papers in support of a partial motion to dismiss Plaintiff Joanna Pedroza's ("Plaintiff") claims under the New York State Human Rights Law and New York City Human Rights Law for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See* Dkt. Entry Nos. 20-22, 24. On April 17, 2020, Plaintiff filed her opposition papers, comprised of a Memorandum of Law, Declaration of Joanna Pedroza, and exhibits attached thereto. *See* Dkt. Entry Nos. 29, 30(A)-(I). Presently, RLC's reply is due to be filed on or by May 15, 2020. *See* Dkt. Entry No. 26.

      Significantly, one of the exhibits to Plaintiff's opposition papers is an RLC document that depicts confidential RLC business information. *See* Dkt. Entry No. 30(I). This document is highly sensitive because it explicitly depicts historical annual revenue of each Polo Factory Store location across the country. *See id.* RLC contends that such financial information represents a trade secret which should not have been publicly filed; or, at a minimum, is sufficiently confidential and sensitive such to warrant sealing. *See Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those

---

[1] In accordance with Section 21.7 of the SDNY Electronic Case Filing Rules & Instructions, the undersigned has already contacted the ECF Help Desk and requested that the document be temporarily sealed and inaccessible to PACER users.

akerman.com

Hon. Edgardo Ramos, U.S.D.J.<br>
April 22, 2020<br>
Page 2

containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."); *see also* Section 21.4 of the SDNY Electronic Case Filing Rules & Instructions.

On April 21, 2020, in a good-faith effort to avoid and/or limit unnecessary judicial intervention, the undersigned counsel contacted Plaintiff's counsel by email and telephone, explained its position, and respectfully requested that Plaintiff seek to remove the document from the public docket and re-file it under seal. Plaintiff's counsel refused to do so, asserting that, in their view, sealing this document was not necessary. However, Plaintiff's counsel further stated that, although they were unwilling to make a direct application to the Court, they would not oppose RLC's request to have the document removed from the public docket and re-filed under seal.

Based on the foregoing, we respectfully request that the Court remove Exhibit "I" to the Declaration of Joanna Pedroza from the public docket and place it under seal for the pendency of this litigation. Such an Order will serve to protect RLC's legitimate business interests without in any way prejudicing Plaintiff or her ability to oppose RLC's partial motion to dismiss. In the alternative, we respectfully request, albeit without Plaintiff's consent, to direct Plaintiff to re-file the document under seal pursuant to Chief Judge Colleen McMahon's December 19, 2019 Standing Order, which permits parties to file documents under seal through the Court's CM/ECF system.

Should the Court wish to discuss this matter with counsel for the parties, the undersigned will await further guidance and/or make themselves available at a mutually agreeable date and time.[2] Thank you for your consideration in this regard.

Respectfully submitted,

                                              **AKERMAN LLP**

                                              */s/ Matthew A. Steinberg*<br>
                                              Matthew A. Steinberg<br>
                                              Raymond J. Berti

---

[2] We also take this opportunity to note that, pursuant to RLC's employment policies, Plaintiff – as a former employee – should not still be in possession of this document, or any other RLC business records. Accordingly, this letter-motion is not a complete statement of RLC's rights in connection with this matter, and RLC expressly reserves and does not waive any and all applicable rights, claims, remedies, and/or defenses.